UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>KEVIN L. LABORDE, et al.,<br><br>        Defendants. | No. C06-1548P<br><br>ORDER ON PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION ON DEFENDANT TERRESA R. LABORDE |

This matter comes before the Court on a motion by Plaintiff United States of America for service by publication on Defendant Terresa R. Laborde. (Dkt. No. 12). Through this motion, the Government seeks: (1) leave to serve process on Ms. Laborde by publication; and (2) an extension of the 120-day time limit for service under Fed. R. Civ. P. 4(m). None of the Defendants have filed a response to this motion.

Having reviewed the relevant pleadings, the Court DENIES the Government's motion. The Court further ORDERS the Government to show cause why this action should not be dismissed without prejudice as to Ms. Laborde for failure to effect service upon her in a timely manner. The Government's response to the show cause order shall be due within fourteen (14) days of the date of this order. The reasons for the Court's order are set forth below.

ORDER - 1

**Background**

The Government filed this action on October 26, 2006. The Government seeks to reduce federal tax assessments against Kevin L. Laborde and Terresa R. Laborde to judgment and to foreclose related tax liens securing their tax liabilities on the Labordes' principal residence in Kent, Washington. The complaint names Mr. and Ms. Laborde as defendants, as well as Chase Home Finance L.L.C. and the State of Washington Department of Revenue.

The Government has not served process on Ms. Laborde. The Government has offered a declaration (Dkt. 12-2) from one of its attorneys that makes the following representations:

(1) Ms. Laborde "does not currently reside[] at the property which is the subject of this suit, 3614 South 271st Street, Kent, Washington."

(2) "[E]mployees of the Internal Revenue Service have not yet been able to locate and serve [Ms. Laborde] with process."

(3) Ms. Laborde "no longer resides in the State of Washington, and cannot be found within that state."

(4) Ms. Laborde "could not be found at her last-known address" of 3614 South 271st Street in Kent, Washington.

(5) The IRS "received no return to a call placed to the cellular phone number found for Ms. Laborde."

(6) "The United States Postal Service's response to requests for address information regarding Terresa R. Laborde stated that Ms. Laborde still lived at the . . . 3614 South 271st Street, Kent, Washington."

(7) "[T]he United States hired a service of process company that attempted to trace Ms. Laborde through electronic records and records from the United States Postal Service."

**Analysis**

1. <u>Leave to Serve by Publication</u>

The Federal Rules of Civil Procedure permit a plaintiff to effect service "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Under Washington law, a plaintiff may serve process by publication in certain circumstances. RCW 4.28.080, RCW 4.28.100.

ORDER - 2

1    The Government has requested leave from the Court to serve Ms. Laborde by publication. This
2  request is moot for two reasons.  First, Washington law does not require a plaintiff to obtain a Court
3  order to effect service by publication.  See Goore v. Goore, 24 Wash. 139, 143-44 (1901); 14 Karl B.
4  Tegland, Washington Practice, Civil Procedure § 8.24 and n.1 (2006) (noting that seeking an order
5  authorizing service by publication is unnecessary and that an order, if obtained, "is not determinative
6  on the issue of whether service by publication was warranted").  Second, as discussed in Section 2
7  below, the Government has not shown good cause to extend the time to effect service under Rule
8  4(m).  Such an extension of time would be required in order to serve Ms. Laborde by publication,
9  since the Government did not complete service by publication within 120 days of filing its complaint.

10    The Court notes that even if it were necessary for a plaintiff to obtain leave of court to serve
11  by publication, the Government has done little to justify such a request.  The Government argues that
12  service by publication is proper under RCW 4.28.100(3) because Ms. Laborde allegedly is not a
13  resident of the state.  The Government also suggests that service by publication would be proper under
14  RCW 4.28.100 because this action is to foreclose federal tax liens against real estate located in King
15  County.  However, Washington courts have emphasized that "[s]ervice by publication is in derogation
16  of the common law and cannot be used when personal service is possible."  Dobbins v. Mendoza, 88
17  Wn. App. 862, 871 (1997).  Therefore, a plaintiff must make an "honest and reasonable effort to
18  locate the defendant before seeking service by publication."  Id.  A declaration in support of service by
19  publication must "set forth facts showing a reasonably diligent search" was conducted.  Id. at 873.
20  Here, the declaration offered by the Government provides little evidence that a reasonably diligent
21  search for Ms. Laborde was conducted.  In large part, the declaration simply states conclusions – e.g.,
22  that Ms. Laborde "no longer resides in the State of Washington, and cannot be found within that
23  state" – rather than facts supporting these conclusions.

24
25

ORDER - 3

2. <u>Extension of 120-Day Time Limit for Service of Process under Rule 4(m)</u>

The Government filed its complaint on October 26, 2006. The 120th day after the filing date was February 23, 2007. Under Washington law, service by publication is not complete until the summons has been published for six consecutive weeks. <u>See</u> RCW 4.28.110. Here, the Government waited until February 2, 2007 – three weeks before the expiration of the service period – to file its motion seeking leave to serve by publication and to extend the 120-day time period for service. As a result, the Government cannot serve Ms. Laborde by publication unless it obtains an extension of time for service.

Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) provides that upon a showing of good cause for failure to effect service in a timely manner, the Court must extend the 120-day service period. <u>In re Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001). At a minimum, good cause means excusable neglect. <u>Id.</u> Under Ninth Circuit law, a plaintiff may be "required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if the court dismissed her complaint." <u>Boudette v. Barnette</u>, 923 F.2d 754 (9th Cir. 1990).

The Government has not shown good cause under the Ninth Circuit's standard. The Government has not offered evidence that Ms. Laborde has received actual notice of the lawsuit. In addition, the Government has not offered evidence that it would be severely prejudiced if its claims against Ms. Laborde were dismissed without prejudice.

Under Rule 4(m), the Court has discretion to extend the 120-day service deadline even without a showing of good cause. <u>See</u> <u>In re Sheehan</u>, 253 F.3d at 513. The Court declines to exercise such discretion here. As discussed above, the Government has offered little evidence that it made

ORDER - 4

reasonably diligent efforts to serve Ms. Laborde prior to the expiration of the 120-day period. In addition, the Government offers no compelling reason why it did not begin the process of serving Ms. Laborde by publication earlier. As noted above, it is unnecessary under Washington law to obtain a Court order to serve by publication. As a result, the Government did not need to file a motion for leave to serve by publication prior to initiating the process of serving by publication.

3. <u>Order to Show Cause</u>

Rule 4(m) provides that if service is not effected within 120 days of the filing of a complaint, the Court, "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Therefore, the Court ORDERS the Government to show cause within <u>14 days</u> of the date of this order why this action should not be dismissed without prejudice as to Ms. Laborde for failure to effect service within 120 days of filing its complaint. Any response to this order shall be limited to <u>6 pages</u>.

**Conclusion**

The Government's request for leave to serve by publication is unnecessary under Washington law. The Government also has not shown good cause for failing to serve Ms. Laborde with process with 120 days of filing its complaint, nor will the Court exercise its discretion to extend the time period for service without a showing of good cause. Therefore, the Court DENIES the Government's motion for service by publication on Ms. Laborde. The Court further ORDERS the Government to show cause within <u>fourteen (14) days</u> of the date of this order why this action should not be dismissed as to Ms. Laborde for failure to effect service upon her in a timely manner.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: March 8, 2007

<u>s/Marsha J. Pechman</u>
Marsha J. Pechman
United States District Judge

ORDER - 5