UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN L. LABORDE, et al.,<br><br>Defendants. | No. C06-1548P<br><br>ORDER EXTENDING TIME FOR GOVERNMENT TO SERVE DEFENDANT TERRESA R. LABORDE |

This matter comes before the Court on a response by Plaintiff United States of America to the Court's order to show cause why this action should not be dismissed without prejudice as to Defendant Terresa Laborde due to the Government's failure to effect service within 120 days of filing its complaint. Having reviewed the Government's response and the balance of the record, the Court finds that the Government has shown good cause for failing to serve Ms. Laborde within 120 days of filing its complaint. Therefore, pursuant to Fed. R. Civ. P. 4(m), the Court hereby extends the time for the Government to effect service of process on Ms. Laborde until June 15, 2007. The reasons for the Court's order are stated below.

**Background**

This is an action to reduce federal tax assessments against Kevin and Terresa Laborde to judgment and to foreclose related tax liens on the Labordes' house in Kent. The complaint names Mr. and Ms. Laborde as defendants, as well as Chase Home Finance L.L.C. and the State of Washington

ORDER - 1

Department of Revenue. The Government previously filed a motion to serve Ms. Laborde by publication. The Court denied the motion and also found the Government had not shown good cause for failing to serve Ms. Laborde within 120 days of filing its complaint. The Court ordered the Government to show cause why Ms. Laborde should not be dismissed from the case without prejudice due to the Government's failure to effect service in a timely manner.

**Analysis**

The Government's response shows good cause under Fed. R. Civ. P. 4(m) for extending the service deadline. In contrast to its earlier motion for service by publication, the Government's response provides more detailed information about the efforts made to serve Ms. Laborde and has directly addressed the following requirements for showing good cause to extend the service deadline: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if the court dismissed her complaint." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1990). The Government has offered a declaration from IRS Revenue Officer Deanna Riddle, who states that Mr. Laborde told her that he had discussed this suit with Ms. Laborde. The Government also asserts that it will be prejudiced if Ms. Laborde is dismissed from this action because: (1) the statute of limitations for its claims for 1995 tax year assessments expired after commencement of this suit[1]; and (2) its ability to maintain this suit would be hampered if Ms. Laborde were dismissed because the property at issue is titled in her name. In addition, there would be no obvious prejudice to Ms. Laborde from extending the time for service.

---

[1] The Government makes this assertion without citing any relevant statutory provision or case law. However, the Court's review of the complaint and statutes indicates: (1) the Government alleges that it made 1995 tax assessments against Mr. and Ms. Laborde on October 28, 1996; (2) the Government filed this complaint on October 26, 2006; and (3) 26 U.S.C. § 6502(a)(1) provides a ten-year statute of limitations to collect on a tax after an assessment of the tax. See United States of America v. McLaughlin, 2005 WL 1126877 at *1 n. 2 (N.D. Ill. May 4, 2005). As such, the Government has a basis to argue prejudice if this case is dismissed as to Ms. Laborde. However, this order should not be construed as deciding any statute of limitations issues that may arise in this case.

ORDER - 2

1  Therefore, the Court finds that the Government has now shown good cause for failing to serve Ms.
2  Laborde within 120 days of filing the complaint.

3  The Court will extend the time for the Government to effect service of process on Ms.
4  Laborde until <u>June 15, 2007</u>.  This should provide sufficient time for the Government, if it so chooses,
5  to attempt to effect service by publication pursuant to Washington law.  <u>See</u> RCW 4.28.100 and RCW
6  4.28.110.  However, the Government is advised that this order should not be construed as an order
7  authorizing service on Ms. Laborde by publication.  As the Court previously noted, Washington law
8  does not require a plaintiff to obtain a Court order to effect service by publication.  <u>See</u> <u>Goore v.</u>
9  <u>Goore</u>, 24 Wash. 139, 143-44 (1901); 14 Karl B. Tegland, <u>Washington Practice, Civil Procedure</u> §
10 8.24 and n.1 (2006) (noting that seeking an order authorizing service by publication is unnecessary and
11 that an order, if obtained, "is not determinative on the issue of whether service by publication was
12 warranted").

13 The Government is also advised that Washington law requires strict compliance with the
14 requirements of RCW 4.28.100 in order to effect service by publication.  <u>See</u> <u>Boes v. Bisiar</u>, 122 Wn.
15 App. 569, 576 (2004).  As the Court noted in its earlier order, Washington courts have emphasized
16 that "[s]ervice by publication is in derogation of the common law and cannot be used when personal
17 service is possible" and a plaintiff must make an "honest and reasonable effort to locate the defendant
18 before seeking service by publication."  <u>Dobbins v. Mendoza</u>, 88 Wn. App. 862, 871 (1997).  The
19 Court does not determine in this order that the Government has satisfied the requirements of RCW
20 4.28.100 to serve Ms. Laborde by publication.  This order simply finds that the Government has
21 shown good cause under Fed. R. Civ. P. 4(m) for its failure to serve Ms. Laborde with process within
22 120 days of filing its complaint.

### Conclusion

24 Consistent with the discussion above, the Court finds that the Government has shown good
25 cause for failing to serve Ms. Laborde within 120 days of filing its complaint.  Therefore, pursuant to

ORDER - 3

1  Fed. R. Civ. P. 4(m), the Court hereby extends the time for the Government to effect service of

2  process on Ms. Laborde until <u>June 15, 2007</u>.

3      Dated: April 9, 2007

4                                  <u>s/Marsha J. Pechman</u>
                                Marsha J. Pechman

5                                  United States District Judge

ORDER - 4